# IN THE SUPREME COURT OF THE STATE OF DELAWARE

INSIGHT EQUITY A.P. X
COMPANY, LLC; INSIGHT
EQUITY VISION PARTNERS, LP;
INSIGHT EQUITY
MANAGEMENT COMPANY,
LLC; ROSEWOOD VISION
CORPORATION; and ROSEWOOD
PRIVATE INVESTMENTS, INC.,

§
§
§
§
§
§
§
§
§ No. 284, 2020
§
Defendants Below,
Appellants,

§
§ Court Below–Superior Court
§ of the State of Delaware

v.

§
§ C.A. No. N19C-08-260

WIND POINT PARTNERS VII-A,
L.P.,

§
§
§
Plaintiff Below,
Appellee.

§
§
§

Submitted: September 16, 2020
Decided: September 25, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN,** Justices.

## **ORDER**

After careful consideration of the notice of interlocutory appeal, the supplemental notice of appeal, their exhibits, and the Superior Court's order denying the application for certification of an interlocutory appeal, it appears to the Court that:

(1)    This appeal arises from a Superior Court decision that granted in part and denied in part the motion to dismiss filed by Insight Equity A.P. X Company,

LLC ("Insight LLC"); Insight Equity Vision Partners, LP ("Insight LP"); Insight Equity Management Company, LLC ("Insight Equity Management"); Rosewood Vision Corporation ("Rosewood Vision"); and Rosewood Private Investments, Inc. ("Rosewood Private Investments") (collectively, the "Defendants"). The following background is relevant to the Superior Court's ruling and the Defendants' request for interlocutory review.

(2) On September 17, 2014, Wind Point Partners VII-A, L.P. ("Wind Point") purchased a global manufacturer of branded corrective ophthalmic lenses, Vision Ease, LP (d/b/a Vision-Ease Lens) ("Vision Ease"), from the Defendants. The transaction was governed by a securities purchase agreement ("SPA") that identifies the "Sellers" as Insight LP and Rosewood Vision.[1] On August 27, 2019, Wind Point filed suit in Delaware[2] against the Defendants, alleging that the Defendants intentionally misled and induced Wind Point to purchase Vision Ease

---

[1] Wind Point's complaint alleges that Rosewood Vision is either a wholly-owned subsidiary or vehicle of Rosewood Private Investments and that Insight LLC and Insight LP are vehicles formed by Insight Equity Management.

[2] Although the SPA includes a forum-selection clause providing that any claim or cause of action relating to or arising out of the SPA be brought in Delaware federal court, Wind Point initially filed suit in Texas state court claiming that federal jurisdiction could not be invoked because the parties lacked citizenship diversity. The Defendants moved to dismiss on the basis of the forum-selection clause, arguing that the SPA's severability clause required that the Defendants file suit in Delaware state court in the absence of federal diversity. After the trial court denied the motion to dismiss, the Defendants filed a petition for writ of mandamus in the Court of Appeals of Texas. The Court of Appeals agreed with the Defendants' interpretation of the SPA forum-selection clause and directed the trial court to vacate its denial of the Defendants' motion to dismiss and dismiss Wind Point's claims without prejudice. *In re: Rosewood Private Invs., Inc.*, 2018 WL 4403749 (Tex. App. Sept. 17, 2018). The trial court did as directed and the present suit followed.

through the Defendants' preparation and presentation of Vision Ease's financial statements. The complaint asserts claims for (i) fraud, (ii) violation of the Texas Securities Act ("TSA"), and (iii) breach of the SPA/indemnification.

(3) On November 14, 2019, the Defendants filed a motion to dismiss under Superior Court Civil Rule 12(b)(6). On August 17, 2020, the Superior Court issued a written decision granting the motion to dismiss in part and denying it in part (the "Opinion").[3] The Superior Court dismissed Wind Point's breach of the SPA/indemnification claim as untimely. However, the Superior Court found that Wind Point had properly pled its fraud and TSA claims. With respect to the fraud claim, the Superior Court rejected the Defendants' argument that the SPA's anti-reliance provision applied to the fraud claim against Rosewood Private Investments and Insight Equity Management as non-parties to the SPA. In doing so, Superior Court held that, because Wind Point's fraud claim is based upon conduct that is separate and distinct from the conduct that constitutes a breach of the SPA, it is not subject to the contractual limitations of remedies contained in the SPA. Alternatively, the Superior Court concluded that the SPA's anti-reliance provision would not bar the fraud claim from proceeding at this pleading stage in light of the alleged omissions and acts of fraudulent concealment.

---

[3] *Wind Point Partners VII-A, L.P. v. Insight Equity A.P. X Co.*, 2020 WL 5054791 (Del. Super. Ct. Aug. 17, 2020).

3

(4)     On August 27, 2020, the Defendants asked the Superior Court to certify an interlocutory appeal from the Opinion under Rule 42.  The Defendants maintained that the Opinion decided a substantial issue of material importance.[4]  The Defendants also argued that the following Rule 42(b)(iii) factors weighed in favor of granting interlocutory review:  the Opinion conflicts with other trial court decisions;[5] review of the interlocutory order may terminate the litigation as to Insight Equity Management and Rosewood Private Investments;[6] and review of the interlocutory order would serve considerations of justice.[7]  Finally, the Defendants argued that the benefits of interlocutory review would outweigh the probable costs.[8]  Wind Point opposed the application.

(5)     On September 15, 2020, the Superior Court denied the Defendants' application for certification of an interlocutory appeal.  The Superior Court found that the Opinion did not involve a substantial issue of material importance—a threshold consideration under Rule 42(b)(i)—because it involved an issue of contract interpretation.  Although the Superior Court would have denied the Defendants' application on that basis, it nevertheless reviewed the Rule 42(b)(iii)

---

[4] Del. Supr. Ct. R. 42(b)(i).

[5] Del. Supr. Ct. R. 42(b)(iii)(B).

[6] Del. Supr. Ct. R. 42(b)(iii)(G).

[7] Del. Supr. Ct. R. 42(b)(iii)(H).

[8] Del. Supr. Ct. R. 42(b)(iii).

factors. The Superior Court first found that, contrary to the Defendants' contention, the Opinion did not conflict with other Delaware trial court decisions. Second, the Superior Court concluded that interlocutory review of its interpretation of the SPA's anti-reliance provision would not terminate the litigation against Insight Equity Management and Rosewood Private Investments because the Opinion determined that Wind Point's fraud claim is based upon conduct that is separate and distinct from conduct that constitutes a breach of the SPA and, in any event, the TSA claim remains pending. Accordingly, the Superior Court found that the likely benefits of interlocutory review would not outweigh the probable costs such that interlocutory review is in the interests of justice. We agree with the Superior Court's well-reasoned conclusion.

(6) Applications for interlocutory review are addressed to the sound discretion of the Court.[9] Giving due weight to the Superior Court's analysis and in the exercise of our discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[10] and

---

[9] Del. Supr. Ct. R. 42(d)(v).

[10] Del. Supr. Ct. R. 42(b)(ii).

5

the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[11]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

---

[11] Del. Supr. Ct. R. 42(b)(iii).